**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS BERRY,**

    **Plaintiff,**

v.                                                **Case No.: 8:14-cv-1248-MSS-AEP**

**JPMORGAN CHASE BANK, N.A.,**

    **Defendant.**

_____/

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Defendant's Motion to Stay Proceedings Pending Final Approval of Class Action Settlement. (Dkt. 10) Defendant moves the Court to stay this case pending a final determination by the United States District Court for the Southern District of California in the action entitled <u>Connor v. JPMorgan Chase Bank et al.</u>, Case No. 10-cv-1284 GPC (BGS) (the "California action"), as to whether the settlement reached by the Parties in that class action will be approved. (Dkt. 10 at 1)

Defendant asserts that: (1) Plaintiff Thomas Berry is a member of the Settlement Class provisionally certified in the California action; (2) the claims alleged in this action are identical to the claims at issue in the California action; and (3) pursuant to the Preliminary Approval Order entered in the California action, Plaintiff is enjoined from pursuing this action.

A district court has the inherent discretionary authority to stay litigation pending the outcome of a related proceeding in another forum. <u>CTI-Container Leasing Corp. v.</u>

Uiterwyk Corp., 685 F.2d 1284, 1288 (11th Cir. 1982). The Court's power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Gov't of the Virgin Islands v. Neadle, 861 F. Supp. 1054. 1055 (M.D. Fla. 1994) ("A district court has discretion to stay an action which duplicates one pending in another federal district court.").

The preliminary Approval Order in the California class action enjoins persons in the Settlement class from pursuing competing claims during the pendency of the Settlement proceedings in that action. In light of the fact that Plaintiff appears not to have opted out of the Settlement Class, the Court finds that it is appropriate to stay this action until such time as a final determination is made as to whether the Settlement is approved. If, following approval, Plaintiff has a basis for challenging whether he is a member of the class and whether this matter should be reopened, he may raise it at that time.

A review of the record reveals that this case is in the early stages of litigation and there are no other substantive pending motions before the Court. Therefore, the Court finds that a stay of this case is in the interest of justice, will not prejudice any parties, and will conserve judicial resources and the parties' resources.

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Stay Proceedings Pending Final Approval of Class Action Settlement (Dkt. 10) is **GRANTED**. The case is **STAYED** pending final determination of whether the class settlement is approved in Connor v. JPMorgan Chase Bank et al., Case No. 10-cv-1284 GPC (BGS).

2. The Clerk is **DIRECTED** to **TERMINATE** any remaining pending motions in this case.

3. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case.

4. The parties shall file a motion to reopen this case to proceed with the litigation or file a motion seeking whatever other relief would be appropriate within **thirty (30) days** of the final determination in the California action.

**DONE** and **ORDERED** in Tampa, Florida, on this 30th day of July 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
All *Pro Se* Parties